IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BRANDON GARRETT**                                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO.** 1:16cv197-SA-DAS

**CITY OF TUPELO, MISSISSIPPI**                              **DEFENDANT**

                                                                          **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for refusal of Defendant to accommodate Plaintiff's disability. The following facts support the action:

1.

Plaintiff BRANDON GARRETT is an adult resident citizen of 1198 County Road 67, Myrtle, Mississippi 38650.

2.

Defendant CITY OF TUPELO, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process through its mayor, Jason Shelton, at 71 East Troy Street, Tupelo, Mississippi 38804. At all relevant times, Defendant acted under color of state law.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under the Americans Disabilities Amendments Act, 42 U.S.C. § 12101, *et seq*.

4.

Plaintiff has been employed as a Tupelo, Mississippi police officer for twelve (12) years. Beginning in 2006, Plaintiff has worked as a detective in the Criminal Investigation Division, located at 324 Court Street, Tupelo, Mississippi.

5.

Over the years, the building where Plaintiff worked became contaminated by mold. Several police officers suffered from the mold exposure, but three (3) detectives – Plaintiff, Detective Floyd and Detective Doss – suffered extensively because they are hypersensitive to mold. The mold caused Plaintiff severe physical illness, and substantially affected his everyday life activities, including his ability to work.

6.

Plaintiff complained about the mold contamination and the illness he was suffering. Largely because of Plaintiff's complaints about the mold, the Tupelo Police Department moved its entire operations out of the contaminated buildings located at 324 Court Street and 220 North Front Street, and into a building shared with the company Universal Asset Management located at 118 Lemons Drive, Tupelo, Mississippi. Defendant failed to clean the contaminated furniture, supplies, equipment, and personal property being transferred, and much of the contamination was also transferred to the new building. Plaintiff's medical problems became more severe after the transfer.

7.

Plaintiff requested a reasonable accommodation of a proper cleaning to the new building to rid it of the mold contamination. Defendant failed to accommodate this reasonable request.

8.

Because Plaintiff could no longer work in the contaminated building at 118 Lemons Drive and saw no relief coming from the Tupelo Police Administrations, he requested a transfer to the Training Academy which contained no mold contamination. Defendant refused to accommodate this request. Instead, Defendant demoted Plaintiff to the Patrol Division. At the Patrol Division, Defendant required Plaintiff to start training as if the Plaintiff was a new patrol officer – a humiliating treatment – and caused him to work under the direction of a corporal, even though Plaintiff was ranked as a sergeant. Plaintiff also suffered a loss in pay ($175.00 per month), a loss in his take-home car, and a loss of his city-issued equipment and cell phone. Working as a patrol officer is a less desirable and a more physically demanding position due to the requirement for a patrol officer to work a twelve (12) hour shifts that rotate from day shift to night shift approximately every thirty (30) days.

9.

Since the transfer and demotion to the Patrol Division, the Plaintiff is still required to work in the contaminated building located at 118 Lemons Drive. Plaintiff spends a minimum of two (2) hours in the building per work day; however, he is also required to spend additional time in the building when called in for mandatory meetings by Tupelo Police administration.

10.

Defendant accommodated Detectives Floyd and Doss by moving them to work in a non-contaminated building, and banning them from entry into the new headquarters located at 118 Lemons Drive due to their mold sickness.

11.

Defendant refused to reasonably accommodate Plaintiff's disability because of the many complaints Plaintiff made about the contamination and failure of the Defendant to remove the contamination.

12.

Defendant is liable to Plaintiff for failing to reasonably accommodate his illness due to mold contamination. Defendant could have reasonably accommodated Plaintiff by adequately cleaning the building at 118 Lemons Drive, or by allowing Plaintiff to retain his position as Detective Sergeant, and transfer him to a non-contaminated office, as were Detectives Floyd and Doss, or by allowing Plaintiff to transfer to the Training Academy.

13.

Plaintiff has suffered lost income, and mental anxiety as a result of Defendant's refusal to accommodate Plaintiff's disability.

14.

Plaintiff has filed the EEOC charge, attached hereto as Exhibit "A," an amended EEOC charge, attached hereto as Exhibit "B," and has received the right to sue letter, attached hereto as Exhibit "C."

**REQUEST FOR RELIEF**

Plaintiff requests actual and compensatory damages in an amount to be determined by a jury, for transfer to a mold-free building, for reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 1st day of November, 2016.

                                  BRANDON GARRETT, Plaintiff

By: ***/s/ Jim Waide***
     Jim Waide, MS Bar No. 6857
     waide@waidelaw.com
     WAIDE & ASSOCIATES, P.A.
     332 North Spring Street
     Tupelo, MS  38802-3955
     Post Office Box 1357
     Tupelo, MS  38802-1357
     (662) 842-7324 / Telephone
     (662) 842-8056 / Facsimile

     ATTORNEYS FOR PLAINTIFF